IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Western World Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Taylor-Made Construction & Development, LLC; James M. Loftis, Sr.; Roxana T. Loftis; Southern Structures ICF Builders, LLC; Benjamin L. Daniel, II, individually; ECO-Block, LLC; Southern Structures, Inc.; Salvatore Morales, individually; Coastal Stucco, Inc.; Scott Corcoran d/b/a Corcoran Caulking and Waterproofing; Engineered Concrete Products, Inc., a Delaware corporation; New Homes Construction, LLC; South East Roof Contracting, LLC; I'ON Realty Company, LLC; I'ON Company, LLC; Brittingham Mechanical, LLC; Patrick H. Brittingham, individually; and LaBeouf Architectural Woodwork, Inc.,<br><br>Defendants. | C.A. 2:10-CV353-CWH<br><br>**DECLARATORY JUDGMENT COMPLAINT**<br><br>**(Non-Jury)** |

The Plaintiff, Western World Insurance Company ("Western World"), complaining of the Defendants, would respectfully show unto the Court the following:

**JURISDICTIONAL ALLEGATIONS**

1.   This is a declaratory judgment action, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to determine the rights of the parties under a commercial general liability insurance policy issued by Western World to Taylor-Made Construction & Development, LLC ("Taylor-Made").

2. Plaintiff Western World is a corporation organized and existing under the laws of New Hampshire, with its principal place of business in New Jersey, conducting the business of selling and providing insurance in Charleston County, South Carolina, under the auspices and with the permission of the South Carolina Department of Insurance.

3. Defendant Taylor-Made Construction & Development, LLC, is a limited liability corporation organized under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the residence located at 201 North Shelmore Boulevard, Mt. Pleasant, South Carolina ("Subject Residence").

4. Upon information and belief, Defendants James M. Loftis, Sr. and Roxana T. Loftis are citizens and residents of Charleston County, South Carolina, and own the Subject Residence.

5. Upon information and belief, Defendant Southern Structures ICF Builders, LLC, is a limited liability company organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

6. Upon information and belief, Defendant Benjamin L. Daniel, II, is a citizen and resident of Charleston County, South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

7. Upon information and belief, Defendant ECO-Block, LLC, is a limited liability company organized and existing under the laws of another State, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

8. Upon information and belief, Defendant Southern Structures, Inc., is a corporation organized and existing under the laws of another State, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

9. Upon information and belief, Defendant Salvatore Morales is a citizen and resident of Charleston County, South Carolina, doing business in Charleston County, South Carolina, and involved in the construction of the Subject Residence.

10. Upon information and belief, Defendant Coastal Stucco, Inc., is a corporation organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

11. Upon information and belief, Defendant Scott Corcoran, individually, and doing businesses as Corcoran Caulking and Waterproofing, is citizen and resident of Charleston, South Carolina, or a sole proprietorship or other business entity doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

12. Upon information and belief, Defendant Engineered Concrete Products, Inc., is a corporation organized and existing under the laws of the state of Delaware, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

13. Upon information and belief, Defendant New Homes Construction, LLC, is a limited liability company organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

14. Upon information and belief, Defendant South East Roof Contracting, LLC, is a limited liability company organized and existing under the laws of South Carolina, doing

business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

15. Upon information and belief, Defendant I'ON Realty Company, LLC, is a limited liability company organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

16. Upon information and belief, I'ON Company, LLC, is a limited liability company organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

17. Upon information and belief, Defendant Brittingham Mechanical, LLC, is a limited liability company organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

18. Upon information and belief, Defendant Patrick E. Brittingham, individually, is a citizen and resident of Charleston County, South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

19. Upon information and belief, Defendant Leboeuf Architectural Woodwork, Inc., is a corporation organized and existing under the laws of South Carolina, doing business in Charleston, South Carolina, and involved in the construction of the Subject Residence.

20. The subject matter jurisdiction of this Court is proper, as there is complete diversity and the amount being claimed is in excess of $75,000.

21. The personal jurisdiction of this Court is proper.

22. The venue of this Division is proper, pursuant to Local Rule 3.01(A)(1), because a substantial part of the events or omissions giving rise to the claim occurred in this Division.

## **POLICY**

23.     Western World issued commercial general liability policy number NPP804738 to Taylor-Made, a copy of which is attached hereto as **Exhibit A** ("Policy").

24.     The Policy was effective from March 11, 2003 to March 11, 2004.

25.     The Policy contains the following relevant provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at out discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1)   The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

   (2)   Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b.   This insurance applies to "bodily injury" and "property damage" only if:

   (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2)   The "bodily injury" or "property damage" occurs during the policy period.

5

2.   **Exclusions**

This insurance does not apply to:

a.   **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

b.   **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)   That the insured would have in the absence of the contract or agreement; or

(2)   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

j.   **Damage to Property**

"Property damage" to:

(5)   That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

k.   **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

l.   **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

6

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.    Duties In The Event Of Occurrence, Offense, Claim or suit**

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, this should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

(1)    Immediately record the specifics of the claim or "suit" and the date received; and

(2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

(1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"

7

**SECTION V – DEFINITIONS**

"Impaired Property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.    You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

    a.    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.    Your fulfilling the terms of the contract or agreement.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"Products-completed operations hazard":

    a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        (1)    Products that are still in your physical possession; or

        (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            (a)    When all of the work called for in your contract has been completed.

            (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

>>Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

"Property damage" means:

- a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

- b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

"Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal advertising injury" to which this insurance applies or alleged.

"Your product" means:

- a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (1) You;

"Your product" includes:

- a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

- b. The providing of or failure to provide warnings or instructions.

"Your work" means:

- a. Work or operations performed by your or on your behalf; and

- b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

- a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

- b. The providing of or failure to provide warnings or instructions.

9

26. The Policy includes a Classification Limitation, which provides, "This insurance applies only to locations or operations that are described on the Declarations page, the Extension of Declarations or Endorsement of this Policy. If any operations and/or locations are not described, they are not insured hereunder."

27. The Policy includes a Contractual Liability Limitation, which omits tort indemnification agreements from the Policy definition of an "insured contract."

28. The Policy contains an exclusion for exterior insulation and finish systems ("EIFS"), synthetic stucco, and similar systems.

29. The Policy contains an exclusion for Mold, Spores, and/or Fungus.

30. The Policy contains a Total Asbestos Exclusion.

31. The Policy contains an exclusion for punitive or exemplary damages, which provides, "This insurance does not apply to any claim for punitive or exemplary damages."

## FACTUAL ALLEGATIONS

32. Defendant Taylor-Made was hired as a subcontractor to install doors and windows in the Subject Residence.

33. The Subject Residence was completed on May 13, 2005.

34. On April 1, 2008, James and Roxana Loftis ("Plaintiffs") brought a Second Amended Complaint against the above-named Defendants, including Taylor-Made, in the Court of Common Pleas in Charleston County, South Carolina, Civil Action No. 2007-CP-10-2063 ("Underlying Action"), which is attached hereto as **Exhibit B**.

35. The Underlying Action alleges that Taylor-Made improperly installed windows and doors at the Subject Residence, which allowed water intrusion into the Subject Residence causing resulting damage.

10

36. The Underlying Action further alleges that this improper installation of windows and doors at the Subject Residence constitutes negligence, breach of warranty, and a violation of the South Carolina Unfair Trade Practices Act.

### FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment—No "Occurrence")

37. The foregoing allegations are incorporated herein and made a part hereof by reference.

38. To the extent the Underlying Action alleges construction defects arising out of Taylor-Made's work itself, the Underlying Action does not allege an "occurrence" under the Policy, because faulty workmanship alone is not an "occurrence" under the Policy.

39. Accordingly, to the extent the Underlying Action alleges damages arising out of Taylor-Made's faulty workmanship alone, such damage is not covered by the Policy.

### FOR A SECOND CAUSE OF ACTION
(Declaratory Judgment—No "Property Damage")

40. The foregoing allegations are incorporated herein and made a part hereof by reference.

41. To the extent the Underlying Action alleges any damages that do not constitute "property damage" under the policy, such damages are not covered by the policy.

### FOR A THIRD CAUSE OF ACTION
(Declaratory Judgment—No "Occurrence" During the Policy Period)

42. The foregoing allegations are incorporated herein and made a part hereof by reference.

43. To the extent the Underlying Action alleges damage to other property arising out of Taylor-Made's work, such damage did not occur during the Policy period.

44. The Policy period ended on March 11, 2004.

45. The Subject Residence was not completed until May 13, 2005.

46. Based upon information available to plaintiff, Taylor-Made did not install any doors or windows at the Subject Residence during the Policy period, and even assuming it did, no damage to other property arising out of those doors or windows occurred during the Policy period.

47. Damage to other property that does not occur during the Policy period is not an "occurrence" under the Policy.

48. Accordingly, to the extent the Underlying Action alleges damage to other property, from water intrusion or otherwise, and arising out of Taylor-Made's work, such damage is not covered by the Policy.

### FOR A FOURTH CAUSE OF ACTION
### (Declaratory Judgment—No "Property Damage" During Policy Period)

49. The foregoing allegations are incorporated herein and made a part hereof by reference.

50. To the extent the Underlying Action alleges damage to other property arising out of Taylor-Made's work, such damage did not occur during the Policy Period.

51. The Policy Period ended on March 11, 2004.

52. The Subject Residence was not completed until May 13, 2005.

53. Taylor-Made did not install any doors or windows at the Subject Residence during the Policy period, and even assuming it did, no damage to other property arising out of those doors or windows occurred during the Policy period.

54. Damage to other property that does not occur during the Policy period does not constitute "property damage" under the Policy.

55. Accordingly, to the extent the Underlying Action alleges damage to other property, from water intrusion or otherwise, and arising out of Taylor-Made's work, such damage is not covered by the Policy.

## FOR A FIFTH CAUSE OF ACTION
### (Declaratory Judgment –Exclusion for Expected or Intended Injury)

56. The foregoing allegations are incorporated herein and made a part hereof by reference.

57. The Policy does not apply to property damage that is expected or intended from the standpoint of the insured.

58. To the extent the Underlying Action alleges property damage that was expected or intended from the standpoint of Taylor-Made, such damage is not covered by the Policy.

## FOR A SIXTH CAUSE OF ACTION
### (Declaratory Judgment –Exclusion for Contractual Liability)

59. The foregoing allegations are incorporated herein and made a part hereof by reference.

60. The Policy does not apply to property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

61. Accordingly, to the extent the Underlying Action alleges damages arising in contract, such damages are not covered by the Policy.

## FOR A SEVENTH CAUSE OF ACTION
### (Declaratory Judgment – j(5) Exclusion)

62. The foregoing allegations are incorporated herein and made a part hereof by reference.

63. The Policy does not apply to property damage to the Subject Residence arising out of Taylor-Made's work while Taylor-Made was performing operations.

64. To the extent the alleged property damage to the Subject Residence arose out of Taylor-Made's work while Taylor-Made was performing operations, such damage is not covered by the Policy.

## FOR AN EIGHTH CAUSE OF ACTION
### (Declaratory Judgment – j(6) Exclusion)

65. The foregoing allegations are incorporated herein and made a part hereof by reference.

66. The Policy does not apply to property damage to the Subject Residence that must be restored, repaired, or replaced because Taylor-Made's work was incorrectly performed on it, and which was not included in the products-completed operations hazard.

67. To the extent the alleged property damage to the Subject Residence must be restored, repaired, or replaced because Taylor-Made's work was incorrectly performed on it, and which was not included in the products-completed operations hazard, such damage is not covered by the Policy.

## FOR A NINTH CAUSE OF ACTION
### (Declaratory Judgment – "Your Work" Exclusion)

68. The foregoing allegations are incorporated herein and made a part hereof by reference.

69. The Policy does not apply to property damage to the Subject Residence arising out of Taylor-Made's work.

70. Accordingly, to extent the Underlying Action alleges property damage arising out of Taylor-Made's work, such damage is not covered by the Policy.

## FOR A TENTH CAUSE OF ACTION
### (Declaratory Judgment – "Your Product" Exclusion)

71. The foregoing allegations are incorporated herein and made a part hereof by reference.

72. The Policy does not apply to property damage to the Subject Residence arising out of Taylor-Made's product.

73. Accordingly, to the extent the Underlying Action alleges property damage arising out of Taylor-Made's product, this Policy exclusion precludes those damages.

## FOR AN ELEVENTH CAUSE OF ACTION
### (Declaratory Judgment—Exclusion for Impaired Property)

74. The foregoing allegations are incorporated herein and made a part hereof by reference.

75. The Policy does not apply to property damage to impaired property or property that has not been physically injured.

76. Accordingly, to the extent the Underlying Action alleges property damage to impaired property or property that has not been physically injured, such damage is not covered by the Policy.

## FOR A TWELFTH CAUSE OF ACTION
### (Declaratory Judgment – Classification Limitation)

77. The foregoing allegations are incorporated herein and made a part hereof by reference.

78. Western World and Taylor-Made agreed that Western World would not defend or indemnify Taylor-Made for work Taylor-Made performed that was outside the scope of work described on the Declarations Page to the Policy.

79. Accordingly, to the extent Taylor-Made performed any work at the Subject Residence outside the scope of work described on the Declarations Page to the Policy, any damages arising out of such work is not covered by the Policy.

### FOR A THIRTEENTH CAUSE OF ACTION
(Declaratory Judgment – Other Exclusions)

80. The foregoing allegations are incorporated herein and made a part hereof by reference.

81. The Policy does not apply to damages caused by Taylor-Made's use of Exterior Insulation and Finish System ("EIFS"), synthetic stucco, or similar systems, and, accordingly, to the extent the Underlying Action alleges property damage arising therefrom, those damages are not covered by the Policy.

82. The Policy excludes damages for mold, spores, and/or fungus, and, accordingly, the extent the Underlying Action alleges property damage arising therefrom, those damages are not covered by the Policy.

83. The Policy excludes punitive damages, and, accordingly, to the extent the Underlying Action alleges punitive damages, those damages are not covered by the Policy.

### FOR A FOURTEENTH CAUSE OF ACTION
(Declaratory Judgment – Violation of Cooperation Clause)

84. The foregoing allegations are incorporated herein and made a part hereof by reference.

85. Upon information and belief, the initial Complaint in the Underlying Action was served on Taylor-Made in October 2007.

86. Taylor-Made never tendered the Underlying Action to Western World for coverage under the Policy.

16

87. Western World did not receive notice of the Underlying Action until December 2009 when plaintiff's counsel in the Underlying Action sent a copy of the complaint in the Underlying Action to Plaintiff in this case.

88. More than two years passed between the service on the insured and Western World receiving any notice of the lawsuit.

89. Moreover, upon information and belief, the Underlying Action is scheduled for trial in March 2010.

90. During the more than two year period between service and Plaintiff being advised of the Underlying Action Taylor-Made filed no response nor made any form of appearance in the Underlying Action. As a result of such, Taylor-Made is in default.

91. Western World has been substantially prejudiced by this failure as a matter of law.

92. Taylor-Made violated the Policy cooperation provisions as a matter of law.

WHEREFORE, the Plaintiff, Western World, having fully complained against the Defendants, respectfully requests this Court:

    a. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, because the Underlying Action does not allege an "occurrence" under the Policy;

    b. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, because the Underlying Action does not allege "property damage" under the Policy;

17

c. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, because the Underlying Action does not allege an "occurrence" during the Policy period;

d. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, because the Underlying Action does not allege "property damage" occurring during the Policy period;

e. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy exclusion for expected or intended injury;

f. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy exclusion for contractual liability;

g. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under Policy exclusion j(5);

h. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under Policy exclusion j(6);

i. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy "your work" exclusion;

j. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy "your product" exclusion;

k. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy exclusion for impaired property;

l. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy Classification Limitation;

m. Declare that the Policy does not apply to any alleged property damage to the Subject Residence, or any damages arising out of the alleged property damage to the Subject Residence, under the Policy exclusions for EIFS/synthetic stucco; mold, spores, or fungus; or asbestos;

n. Declare that the Policy does not cover punitive damages;

o. Declare that the Policy does not require Western World defend Taylor-Made;

p. Declare that the Policy does not require Western World indemnify Taylor-Made;

q. Declare that Western World has no further obligations or duties under the Policy as it regards the Underlying Action as a result of Taylor-Made's failure to fulfill the cooperation provisions of the Policy

r. In the alternative, in the event the Court finds in any instance that Western World has a duty to indemnify Taylor-Made with regard to any provision of the Policy, Western World requests the Court determine the amount of damages, such damages being only those that the Court finds are covered by the Policy, which would not include damages arising out of Taylor-Made's own faulty or defective workmanship, and further requests the Court allocate such damages between all available policy periods and carriers, taking into account instance where the insured was uninsured and self-insured;

s. For the costs and disbursements of this action; and

t. For such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted:

s/ Jason D. Maertens
Steven E. Farrar (Fed. ID #770)
Jason D. Maertens (Fed. ID #10144)
Smith Moore Leatherwood LLP
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC 29602
Phone: (864) 240-2433
Fax: (864) 240-2475
steve.farrar@smithmoorelaw.com
jason.maertens@smithmoorelaw.com

*Attorneys for Plaintiff*

February 12, 2010